Reese, J.
delivered the opinion of the court.
The complainant has filed this bill, in order that a contract of sale and purchase made between him and a commissioner appointed by the Circuit Court of Davidson county, of a tract of land lying in said county, which sale took place in a proceeding before said court, for the sale and partition of the proceeds of. said tract of land, devised by the will of George Camp to his children, may be set aside and rescinded, and the notes and securities for the consideration may be delivered up and be cancelled. George Camp devised all his real estate, and all his personal estate with little exception, to his wife Mary during her life, with certain trusts, that the younger children should be educated out of the profits of the farm and the hire of slaves, and that certain horses should be raised upon the farm for the benefit of the children, and that a certain child who was afflicted should always have a slave to wait on him, so long as one belonged to the estate; and that the property, after the death of the wife, should equally be divided among all the children, except that the child above named should have an extra slave. The wife and another were appointed to execute the will; that other renounced, and the widow alone took upon herself that burthen. Afterwards she-intermarried with'defendant Watson, and a daughter of the testator intermarried with- defendant Wilson. These parties and the adult children, two others who were minors, not joining therein, entered into an agreement under seal, by which the children covenanted to release to Watson and wife, executor and executrix of the will, three of the negroes, in consideration of which, Watson and wife covenanted to release to the children the balance of the estate of the *311 testator, including the life estate of Mrs. Watson in the land, and the deed itself purported to contain such releases. This contract or deed was not proved or registered, and the original was some time after lost. In this state of things, Wilson and wife and the other adult devisees petitioned the Circuit Court to have the land sold for the purpose of dividing the proceeds among the devisees, under the provisions of the act of 1827, ch. 54, or the act of 1829, ch.35; and they-made the two minor heirs parties defendant, and prayed in their petition for the appointment of a guardian ad litem. No process was served upon such minors or was issued. The guardian ad litem was appointed, and he accepted notice of the petition for the minors. The sale was ordered, and the complainant became the purchaser. The proceeding in the Circuit Court was without validity. 1st: The act of 1827 is limited in its provisions to heirs and estates in land inherited by them. 2nd: The actsof 1829 extends to tenants in common, in deed, and to tenants in coparcenary. Under the will, these parties were tenants in common of the remainder in the land after the determination of the life estate of the widow: she was sole tenant of the life estate, the deed not having divested her thereof, being neither proved nor registered, nor the feme covert previously examined. Neither act contemplates the partition by sale of rever-sionary interests or interests in remainder, especially as to minors; and these acts can have no amplitude of construction from their nature. The complainant under that sale most clearly did not get a good title. The whole proceeding was invalid.
It may be remarked, farther, that the agreement to sell the the real estate for life by the executor and executrix, and' take therefor certain slaves, absolutely, for which the wife before had only a life estate, was an arrangement of most questionable propriety. It sacrificed and annulled the trusts of the will,— trusts in favor of minors; and in other respects it broke up the well considered arrangements of the testator as to the real and personal estate, and as to the education of his minor children.
It is said, by way of opposition to the relief prayed for in the bill, that the complainant can now get a good title. We do not think he can, by any means: and if he could, we do not think *312 it is a case, under all the circumstances, in which he should now be compelled to take such title.
Let the decree be affirmed.